IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                ORDER

                Plaintiff,

                                           08-cr-158-bbc

    v.

JOSEPH A. MERRILL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant has filed a motion to correct factual errors in his Presentence Investigation Report prepared in February of 2009. He says that it contains three mistakes:  1) the presentence indicates an active warrant from Polk County, Wisconsin, a warrant that he says was dismissed;  2) the bail jumping charges from Polk County imply a fugitive status or fleeing the jurisdiction when the actual charges were for violating conditions of release; and 3) the police reports of physical altercations and an isolated domestic violence report did not result in any trial, guilty plea or conviction.

      Defendant's motion is DENIED.  It is too late for him to raise such a claim.  The time for doing so was before he was sentenced or at the time of filing a motion for post conviction relief pursuant to 28 U.S.C. §2255.

1

For the sake of completeness, I will address defendant's requests for correction of his presentence report on each of the three mistakes he alleges.

1) There is no mention of an "active warrant" from Polk County in defendant's presentence investigation report; however, there was a Wisconsin Department of Corrections detainer at the time the report was prepared;

2) As to the bailjumping charges, the state of Wisconsin determines how to charge an individual. Even minor violations of bond result in bail jumping charges; and

3) The incident reports related to the offenses of convictions were properly summarized.

In short, defendant has shown no reason to correct his presentence report at this time.

Should defendant choose to file a § 2255 motion on these same issues, he should know that it will count as his first § 2255 motion and he would not have the opportunity to file a second motion except in unusual circumstances and then only after he has received permission from the Court of Appeals for the Seventh Circuit for a second filing. See 28 U.S.C. § 2255 ¶ 8. Because it is likely that if he files a § 2255 motion, it will be the only one he will be allowed to file, he should consider carefully whether he wants to add any other § 2255 claims to the motion.

ORDER

IT IS ORDERED that defendant Joseph Merrill's motion for correction of his presentence report is DENIED.

Entered this 21st day of October, 2009.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge